291 P.2d 881

TOOELE CITY, a municipal corporation, Plaintiff and Respondent,

v.

SETTLEMENT CANYON IRRIGATION COMPANY, a corporation, Defendant and Appellant.

No. 8395.

Supreme Court of Utah.

Dec. 19, 1955.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Ralph W. Millburn, Tooele, Homer Holmgren, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment on the pleadings in favor of plaintiff, Tooele City, in an action for a declaratory judgment defining the meaning of two written contracts in accordance with the contention of Tooele City that it was entitled to a continuous flow of 260 gallons of water per minute of the water belonging to defendant, the same to be diverted from the point specified in the said contracts:

Plaintiff is the successor in interest, and owner of all rights of Thomas DeLaMare and wife under two contracts, copies of which were attached to plaintiff's complaint and made a part thereof.

It is alleged in the complaint and set out in the contracts that sometime prior to entering into the two agreements mentioned Thomas DeLaMare and wife, by means of tunneling and other work in Settlement Canyon near Tooele City, Utah, developed a flow of water and brought into and commingled the same with the water flowing in Settlement Canyon Creek, thereby increasing the flow of said creek; that after the water had been developed by the said DeLaMares two contracts were entered into between defendant and the DeLaMares. One contract was dated April 8, 1910 and the other October 4, 1910.

It must be conceded that the contracts were not artfully drawn, and some confusion is evident from the language used, but we are of the opinion that there is no ambiguity in the language employed defining the rights of the parties. The defendant is denominated first party and the DeLaMares, second party.

Both contracts in the "Whereas" clauses set out: That the parties of the second part have developed a flow of water, and have turned the water so developed into Settlement Canyon Creek and thereby increased the volume of water naturally flowing in said creek; and that the first party is the owner of the right to use the larger part of said Settlement Canyon Creek water.

After setting out resolutions adopted and passed by the Board of Directors of the Settlement Canyon Irrigation Company,

it is then recited in the contract dated April 8, 1910—

"Now, Therefore, in consideration of the premises * * *, the said party of the first part agrees to and does hereby recognize and declare the right of the parties of the second part to recover from said Creek *a continuous and perpetual flow of one hundred gallons per minute, of the water belonging to the party of the first part,* in lieu of the water so developed and added to the natural flow of said Creek by the parties of the second part; and the first party further agrees that the said continuous and perpetual flow of one hundred gallons per minute of the water belonging to the party of the first part, to which the parties of the second part are entitled as aforesaid, *may always be taken and diverted by them,* their heirs or assigns, from the water flowing out of the certain tunnel, * * * from which the Tooele City Water Company now takes water for supplying the inhabitants of Tooele City." (Emphasis added).

The contract dated October 4, 1910, after setting out the preliminary matters, declared:

"Now, Therefore, in consideration of the premises * * * the said party of the first part agrees to and does hereby recognize and declare the right of the parties of the second part to recover from said Creek *a continuous and perpetual flow of one hundred* sixty gallons per minute of the water belonging to the party of the first part, in lieu of the water so developed and added to the natural flow of said Creek by the parties of the second part in addition to the one hundred gallons per minute heretofore transferred; and the first party further agrees that the said continuous and perpetual flow of one hundred sixty gallons per minute of the water belonging to the party of the first part, to which the parties of the second part are entitled as aforesaid, *may always be taken and diverted by them, their heirs and assigns* from the water flowing out of the certain tunnel. * * *" (Emphasis added.)

At all times since the contracts were executed until 1954 plaintiff has received the 260 gallons provided for therein. In 1954 the flow from the DeLaMares' tunneling work fell off substantially. Defendant contends that under the contracts the plaintiff is entitled to receive water at the point mentioned only in such quantity as flows into Settlement Canyon Creek from the said tunneling work made by the DeLaMares, but not to exceed 260 gallons of water per minute. Plaintiff contends that it is entitled to receive and take from said tunnel referred to in the contracts a continuous and perpetual flow of 260 gallons of water per minute.

■ We are of the opinion that the language of the contracts cannot be read

218

as an agreement to exchange water only so long as water issues from the DeLaMare tunneling works.

The language contains no condition which would justify reading the contract as contended for by defendant.

The contracts declare "the said party of the first part agrees to and does hereby recognize and declare the right of the parties of the second part to recover from *said Creek a continuous and perpetual flow * * *,*" and then declare "and the first party further agrees that the said continuous and perpetual flow * * * to which the parties of the second part are entitled as aforesaid, may always be taken and diverted by them, their heirs and assigns from the water flowing out of the certain tunnel, * * * from which Tooele City Water Company now takes water for supplying the inhabitants of Tooele City."

The language authorizing plaintiff's predecessors, the DeLaMares, to take from the said creek 260 gallons per minute was in no way limited by the amount flowing into the said creek from the DeLaMares' tunneling works—and we cannot, even if the contract were ill advised and burdensome, make a new contract for the parties.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.